■ WECHSLER COFFEE CORPORATION, Respondent, v MAHONEY, COHEN & COMPANY, P. C., et al., Appellants.—Order, Supreme Court, New York County (Burton S. Sherman, J.),

entered October 3, 1991, which granted plaintiff's motion for a protective order against defendants' notice of discovery and inspection for plaintiff's work paper analysis of foreign tax credits for the years 1977-1986, unanimously affirmed, with costs.

This is an action for accounting malpractice, breach of contract and fraud. Plaintiff hired the corporate defendant to prepare its consolidated tax returns for the fiscal year ending September 30, 1986. In the course of defendants' preparations, plaintiff was advised by defendants of a net operating loss of $1.9 million for its fiscal year 1986. Rather than carrying the loss back three years, defendants proposed carrying it forward to fiscal year 1987 and later years. Plaintiff agreed and requested defendants to carry out the proposal. On June 15, 1987, the extended due date for filing the returns, the returns were sent to plaintiff which then mailed the documents to the IRS in accordance with defendants' instructions. The next day, however, defendants realized that a required statement of election, which would have allowed plaintiff to carry the loss forward to later fiscal years, had not been attached. Plaintiff alleges that at various times between June 1987 and January 1988, defendants tried to cover up their negligence, going so far as to urge plaintiff to agree to an alleged scheme to defraud the IRS. As a result of this alleged malpractice and attempted fraud, plaintiff was not aware that the statement of election had not been properly filed until late 1987, after it had already filed its 1987 tax returns to reflect the carryforward of the net operating loss from 1986, and had to pay penalties and fines from December 15, 1987 through April 21, 1988 of at least $820,000 which was due allegedly to defendants' malpractice.

Defendants, arguing that plaintiff's losses were actually attributable to the misapplication of foreign tax credits and that it would have been better for plaintiff to carry the net operating loss back rather than forward, seek discovery and inspection of a work paper analysis concerning plaintiff's foreign tax credits for the years 1977-1986. Discovery of such material was properly refused by the IAS Court. Defendants' tax advice was based on the presumptive validity of the prior years' figures, but their alleged malpractice is independent of that presumption. Moreover, the IRS is not a party to the action, and defendants cannot step into the Government's position to claim a setoff on the possibility of error in the prior years' figures. Concur—Rosenberger, J. P., Kupferman, Ross and Rubin, JJ.